IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARIE GRAY, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 19-1860-CFC-SRF |
| ) | |
| CASEY BREIDIGAN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

**I.   INTRODUCTION**

Presently before the court in this civil rights action alleging violations of 42 U.S.C. § 1983 is a Motion for Partial Summary Judgment filed by Defendant, Casey L. Breidigan, pursuant to Federal Rule of Civil Procedure 56 (the "Motion") seeking dismissal of Plaintiff Cathy Jones' loss of consortium claim (Count II) of the Complaint and dismissal of the unidentified defendants John/Jane Does 1-10.[1] (D.I. 37) Plaintiffs, Marie Gray and Cathy Jones, do not oppose dismissal of the Doe Defendants but oppose dismissal of the loss of consortium claim. For the following reasons, the court recommends GRANTING-IN-PART and DENYING-IN-PART Defendant's Motion.

**II.   BACKGROUND**

This case arises out of alleged violations of 42 U.S.C. § 1983 during a welfare check performed by Defendant Breidigan, a Delaware State Trooper, on Plaintiff Gray on October 15, 2017. (D.I. 1 at ¶¶ 5, 7, 10) Plaintiffs allege that Gray's son, Thomas, called the Delaware State Police and told them Gray was suicidal after a dispute regarding Gray's intention to remove him

---

[1] The briefing for the Motion is as follows: Defendant's opening brief (D.I. 38), Plaintiffs' answering brief (D.I. 39), and Defendant's reply brief (D.I. 40).

from her will. (*Id.* at ¶¶ 8–9)  They further allege that Breidigan forcefully entered their home and proceeded to their bedroom where she demanded Gray come with her to undergo a psychiatric evaluation. (*Id.* at ¶¶ 12–13)  Plaintiffs claim that, after Gray protested leaving, Breidigan forcibly removed her from her home and physically assaulted her. (*Id.* at ¶¶ 19, 21, 23–24, 26)

On October 3, 2019, Plaintiffs Gray and Jones filed their Complaint asserting claims against Defendants Breidigan and John/Jane Does 1-10 alleging excessive force/assault and battery in violation of 42 U.S.C. § 1983 (Count I) and loss of consortium (Count II). (*Id.* at ¶¶ 34–41)  Plaintiff Jones' derivative loss of consortium claim alleges that, as a result of Defendant's conduct, she has been deprived of the love, support, comfort, care and other services of her wife. (*Id.* at ¶ 41).

Plaintiff Jones was deposed on December 8, 2021. (D.I. 38, Ex. E)  In her deposition, defense counsel asked Jones to explain: "What…services or things that [Gray] did for you that she can no longer do for you as a result of this incident?" (*Id.* at 56:17–20)  Jones responded, "It's just that she wasn't able to be herself after that. For four years we lived in hell and fear. We were constantly looking behind our back." (*Id.* at 56:21–24)  When asked whether there was "anything else," Jones stated, "Just that we were living in fear for…these four years that have gone by, mainly fear of policemen." (*Id.* at 57:1–4)

On November 30, 2022, Defendant Breidigan filed the present Motion seeking summary judgment on Plaintiff Jones' loss of consortium claim and dismissal of the John/Jane Doe 1-10 Defendants. (D.I. 38)

### III.  LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that could affect the outcome of the proceeding, and "a dispute about a material fact is 'genuine' if the evidence is sufficient to permit a reasonable jury to return a verdict for the non-moving party." *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

The moving party bears the initial burden of proving the absence of a genuinely disputed material fact. *See Celotex*, 477 U.S. at 322. The burden then shifts to the non-movant to demonstrate the existence of a genuine issue for trial, and the court must view the evidence in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 460-61 (3d Cir. 1989); *Scott v. Harris*, 550 U.S. 372, 380 (2007). An assertion of whether or not a fact is genuinely disputed must be supported either by citing to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) & (B).

To defeat a motion for summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment;" rather, there must be enough evidence to enable a jury to reasonably find for the non-moving party on the issue. *See*

3

*Anderson*, 477 U.S. at 247–49 (emphasis in original). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249–50 (internal citations omitted); *see also Celotex*, 477 U.S. at 322. If the non-movant fails to make a sufficient showing on an essential element of its case on which it bears the burden of proof, then the movant is entitled to judgment as a matter of law. *See Celotex*, 477 U.S. at 322–23.

If a party fails to address another party's assertion of fact, the court may consider the fact undisputed, or grant summary judgment if the facts show that the movant is entitled to it. Fed. R. Civ. P. 56(e)(2)–(3).

## IV.  DISCUSSION

Defendant's Motion seeks summary judgment on Jones' loss of consortium claim and dismissal of John/Jane Doe 1-10 Defendants. Because Defendant Breidigan has failed to prove the absence of a factual dispute regarding Plaintiff Jones' loss of consortium claim, the court recommends denying Defendant's Motion with respect to that claim. Since Plaintiffs do not oppose the dismissal of John/Jane Doe 1-10 Defendants, the court recommends granting Defendant's Motion and dismissing the unidentified Defendants.

### A.  **Plaintiff Jones' Loss of Consortium Claim**

Plaintiff Jones' derivative claim is contingent on whether there is direct evidence upon which a trier of fact could reasonably find that Jones has satisfied the elements of a loss of consortium claim. Under Delaware law, the elements of a loss of consortium claim are: (1) that the party asserting the cause of action was married to the person who suffered physical injury at the time the injury occurred, (2) that the spouse suffered injury which deprived the other spouse of some benefit which formerly existed in the marriage, and (3) that the injured spouse has a valid cause of action against the tortfeasor. *Nieves v. Acme Markets, Inc.*, 541 F. Supp. 2d 600,

612 (D. Del. 2008); *see also Lacy v. G.D. Searle & Co.*, 484 A.2d 527, 532 (Del. Super. Ct. 1984). A loss of consortium claim is generally premised on evidence of loss of society, companionship, affection, and sexual relations but may include many other facets of a marital relationship. *Lacy*, 484 A.2d at 532.

Defendant Breidigan does not concede that Plaintiff Jones has met element three but choose not to argue it as she is not seeking summary judgment on Plaintiff Gray's underlying tort claim. (D.I. 38 at 6 n.3). Accordingly, the court will presume element three is satisfied for purposes of the pending Motion and will only address the parties' arguments regarding the first two elements.

1. Married at the time of injury

Defendant Breidigan argues that she sought discovery regarding documentation of the Plaintiffs' marital status, but that Plaintiffs did not provide any evidence that Gray and Jones were married at the time of the incident. (D.I. 38 at 6) Plaintiffs attach a photocopy of their marriage certificate dated October 27, 2015, to confirm they were married at the time of the incident which occurred on October 15, 2017. (D.I. 39, Ex. A; D.I. 1 at ¶ 7) Defendant Breidigan has not challenged the certificate's authenticity or asserted any argument in her reply brief as to why the court should not consider it prima facie evidence in satisfaction of the first element of a loss of consortium claim. (*See* D.I. 40)

Defendant Breidigan fails to cite in the record any support for her statement that she previously requested discovery on the Plaintiffs' marital status. Defendant Breidigan attached a full set of interrogatories served on Plaintiffs along with their responses without directing the court to a specific numbered interrogatory that asks for proof of marital status such as a marriage certificate or license. (*See* D.I. 38, Exs. C–D) Moreover, Defendant Breidigan attached each

Plaintiff's complete deposition transcript without citing to page and line numbers where any questions were posed about their marital status and/or proof of it. (*See id.*, Exs. A, E) Only two questions were asked of Plaintiff Jones relating to the loss of consortium claim and those questions did not challenge or seek to elicit a response to the threshold question of whether Plaintiffs were officially married at the time of the incident. (*Id.*, Ex. E at 56:17–20; 57:1) Defendant's failure to pursue discovery on the Plaintiffs' official marital status does not create a basis to move for summary judgment on the issue. Therefore, the court recommends the first element for a loss of consortium claim has been satisfied.

        2.    <u>Loss of a pre-existing marital benefit</u>

Having found the Plaintiffs established they were married at the time of the incident, the court recommends finding that there are disputed facts regarding the second element of a loss of consortium claim (i.e. that Plaintiff Jones was deprived of some benefit which formerly existed in the marriage) which cannot be resolved on summary judgment.

Defendant Breidigan argues that Jones' deposition testimony does not establish her loss of any marital benefit that she previously enjoyed. (D.I. 38 at 7–8) When asked to state, "What…services or things that [Gray] did for you that she can no longer do for you as a result of this incident?" Jones replied that "[Gray] wasn't able to be herself after that. For four years we lived in hell and fear. We were constantly looking behind our back." (D.I. 38, Ex. E at 56:17–24) After defense counsel inquired if there was "anything else," Jones reiterated that they were living in fear of policemen. (*Id.* at 57:1–4) Defendant argues this is insufficient evidence to support a loss of consortium claim.

In response, Plaintiffs supplied an affidavit, dated December 15, 2022, wherein Jones declares that she and Gray have only had sexual relations on a singular occasion since the

6

incident, that Gray is "no longer affectionate, fun-loving, or spontaneous" and that they have "only gone to the beach on three occasions" and "no longer ride bikes or travel." (D.I. 39, Ex. B at ¶¶ 7–12) Defendant argues that Jones' affidavit is a "sham" as it was provided only after Defendant filed the present Motion, and therefore, should be disregarded under the Third Circuit's "sham affidavit doctrine." (D.I. 40 at 2–4)

The court recommends finding that Jones' affidavit is not a sham because the affidavit does not dispute or contradict Jones' prior deposition testimony. It provides additional information to support Jones' loss of consortium claim concerning the effects of Gray's injuries on their marital relationship. (*See* D.I. 39, Ex. B at ¶¶ 7, 10–12) *Cf. Hackman v. Valley Fair*, 932 F. 2d 239, 240–41 (3d Cir. 1991) (finding the affidavit was a sham because it contradicted a date the plaintiff had provided in his deposition which, if unchanged, would have barred his claim under the statute of limitations).

Regardless of whether the court considers Plaintiff Jones' affidavit self-serving, her deposition testimony is sufficient to establish a material factual dispute. While Defendant Breidigan asserts there is a lack of evidence demonstrating that Plaintiff Jones suffered a loss of a pre-existing martial benefit, the alleged lack of evidence stems from Defendant's own failure to pursue discovery targeted to a loss of consortium claim. The Third Circuit has noted that the sham affidavit doctrine may come into play to prevent "a party who has been *examined at length on deposition*" from raising an issue of fact in an affidavit to preclude summary judgment. *Baer v. Chase*, 392 F.3d 609, 624 (3d. Cir. 2004) (quoting *Perma Rsch. & Dev. Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (emphasis added). The court does not find that Jones was examined at length. Defense counsel asked Jones only two questions related to her loss of consortium claim. (D.I. 38, Ex. E at 56:17–20; 57:1) Defendant did not follow up with

questions tailored to discover evidence to support this element. Therefore, the court recommends finding a genuine dispute of material fact regarding whether Plaintiff Jones' was deprived of a pre-existing marital benefit precluding summary judgment.

### B. Dismissal of John/Jane Doe 1-10 Defendants

Plaintiffs do not oppose Defendant's Motion with regards to the dismissal of John/Jane Doe 1-10 Defendants. (D.I. 39 at 1). Accordingly, the court recommends dismissal of all John/Jane Doe 1-10 Defendants whom Plaintiffs have failed to identify after reasonable opportunity for discovery. *See Blakeslee v. Clinton Cty.*, 336 F. App'x 248, 250–51 (3d Cir. 2009); Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.").

### V. CONCLUSION

For the foregoing reasons, the court recommends GRANTING-IN-PART Defendant's Motion with respect to dismissing John/Jane Does 1-10 and DENYING-IN-PART with respect to Plaintiff Jones' loss of consortium claim (Count II). (D.I. 37)

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objections and responses to the objections are limited to four (4) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated:  April 10, 2023

_____
Sherry R. Fallon
United States Magistrate Judge